IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHIRLEY BONNETT                                                                          PLAINTIFF

vs.                             Civil No. 1:20-cv-01032

COMMISSIONER, SOCIAL                                    DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Shirley Bonnett ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on August 29, 2017. (Tr. 10). In this application, Plaintiff alleges being disabled due to back arthritis, dislocated disc in her back, high blood pressure, and nerve damage on her right side. (Tr. 164). Plaintiff alleges an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

November 4, 2015. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 10).

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 24-46). Plaintiff's administrative hearing was held on July 16, 2019 in Albuquerque, New Mexico. (Tr. 25-46). At this hearing, Plaintiff and Vocational Expert ("VE") Ms. King testified. *Id.* Plaintiff was represented by counsel during this hearing. *Id.*

On August 13, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application for disability. (Tr. 7-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 4, 2015, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine. (Tr. 12-14, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14-15, Finding 4).

In this opinion, the ALJ found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 18, Finding 8). The ALJ also found Plaintiff was forty-three (43) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 18, Finding 7).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally stoop, crouch, kneel, crawl, balance, and climb ramps and stairs.  The claimant can never climb ladders, ropes, or scaffolds, or be exposed to unprotected heights, hazardous machinery.  She must avoid concentrated exposure to extreme cold.  The claimant can occasionally operate right foot controls.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW.  (Tr. 18, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 18-19, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon this testimony and considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) food and beverage order clerk (sedentary, unskilled) with 211,000 such jobs nationally; (2) information clerk (sedentary, unskilled) with 60,000 such jobs nationally; and (3) envelope stuffer (sedentary, unskilled) with 10,000 such jobs nationally.  *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 4, 2015 through the date of her decision or through August 16, 2019.  (Tr. 19, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On May 29, 2020, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-6).  On July 23, 2020, Plaintiff filed the present appeal. ECF No. 1.  The

Parties consented to the jurisdiction of this Court on August 6, 2020.  ECF No. 6.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 13 at 12-20.  Specifically, Plaintiff claims the ALJ improperly discounted the findings of her treating physician, Dr. Thompson.  *Id.*  Plaintiff claims that the "ALJ's finding that Bonnett can perform sedentary work is inconsistent with Dr. Thompson's opinion that Bonnett is limited to sitting for only four hours in a normal workday." *Id.* at 14.  Because this is the only issue Plaintiff raised, this Court will consider this single argument for reversal.

5

Plaintiff is alleging the ALJ improperly considered the opinion of her treating physician, Dr. Thompson. Because Plaintiff filed her application on August 29, 2017, the new regulations pertaining to the evaluation of medical opinions apply.[2] Under these new regulations, the Commissioner chose not to retain the "treating source rule" that could require deference to the treating source opinion evidence. *See* 82 Fed. Reg. at 5853.

In evaluating a claim filed on March 27, 2017 or after, the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017).

In her opinion, the ALJ discounted Dr. Thompson's findings as follows:

> Dr. Thompson's opinion is not persuasive. Although he has a long, treating relationship with the claimant, Dr. Thompson provides little support or explanation for his opinion (Exhibit 21F/1, 2). In addition, his opinion is not consistent with his own examinations of the claimant. For example, his examinations show mostly normal strength and sensation with variable limits in lumbar range of motion (Exhibits 11F/4, 17, 21, 16F/16, 39). Furthermore, Dr. Thompson's treatment notes often report that the claimant's functionality and activities of daily living are improved with pain medication (Exhibits 11F/43, 46, 48, 51, 22F/11, 21, 25, 30). Likewise, Dr. Thompson consistently reported the claimant appeared in no acute distress (Exhibits 11F/4, 21, 37, 60, 22F/11, 21, 25, 30). Therefore, the undersigned finds Dr. Thompson's opinion is not persuasive.

(Tr. 17). Based upon this review of Dr. Thompson's opinion, and because the ALJ properly considered Dr. Thompson's opinion and Dr. Thompson's opinion is not entitled to "controlling" weight under these new regulations, the Court finds no basis for reversal on this issue. *See* 20 C.F.R. § 404.1520c(a)-(c) (2017).

---

[2] Under the prior regulations, the treating source was entitled to "controlling" weight, subject to certain limitations.

6

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE