IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHIRLEY BONNETT                                                                                   PLAINTIFF

vs.                                           Civil No. 1:20-cv-01032

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                           DEFENDANT

## ORDER

Pending now before the Court is Plaintiff's Amended Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 28.  The Social Security Administration ("SSA") has responded to Plaintiff's Motion, objecting to part of Plaintiff's request, and Plaintiff replied and has adopted the SSA's recommendations.  ECF Nos. 29-30.  Thus, this Motion is unopposed.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.  Pursuant to this authority, the Court issues this Order.

**1.      Background:**

On July 23, 2020, Shirley Bonnett ("Plaintiff") appealed to the Court from SSA's denial of her request for disability benefits.  ECF No. 1.  This Court affirmed the decision of the SSA, and Plaintiff appealed that decision to the Eighth Circuit.  ECF Nos. 15-16.  On September 20, 2021, the Eighth Circuit reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 22.

On December 17, 2021, Plaintiff filed the current Motion.  ECF No. 28.  The SSA raised objections to this Motion, and Plaintiff does not dispute those objections.  ECF Nos. 29-30.  Plaintiff now seeks the amount approved by the SSA.  *See* ECF No. 30.  Thus, the Court will consider that requested amount.  Indeed, Plaintiff seeks a total of $6,499.27.  *Id.*  This amount equals 0.95 attorney hours incurred in 2020 at the hourly rate of $206.00; 24.70 attorney hours incurred in 2021 at an hourly rate of $218.00; 11.25 paralegal hours incurred at the hourly rate of $75.00; and expenses in the amount of $75.22.  ECF Nos. 28, 30.  The SSA has responded to this Motion and does not object to these requested amounts.  ECF No. 29.

2.      **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States

Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3.   **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 23-24. The SSA has responded to this Motion and raises no objections to the amounts stated above. ECF No. 29. The Court construes the lack of opposition to this application as an admission that the

government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $6,499.27.  ECF No. 30.  This award equals 0.95 attorney hours incurred in 2020 at the hourly rate of $206.00; 24.70 attorney hours incurred in 2021 at an hourly rate of $218.00; 11.25 paralegal hours incurred at the hourly rate of $75.00; and expenses in the amount of $75.22.  ECF Nos. 28, 30.  These attorney hourly rates are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates.  *See* General Order 39.  *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, the Court finds the CPI-South Index authorizes $206.00 for work performed in 2020 and only $206.00 (not $218.00) for work performed in 2021.  Thus, the Court awards those hourly rates.

As for Plaintiff's requested hours, Plaintiff seeks 0.95 attorney hours from 2020; 24.70 attorney hours from 2021; 11.25 paralegal hours from 2020 and 2021; and expenses in the amount of $75.22.  ECF Nos. 28, 30.  The SSA raised no objections to these hours.  Upon review of these entries, the Court finds they are reasonable, and these hours should be approved.

As a final point, *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See Astrue v. Ratliff,* 560 U.S. 586 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.     **Conclusion**:

Based upon the foregoing, the Court awards Plaintiff **$6,202.87** pursuant to the EAJA, 28 U.S.C. § 2412.  This includes 0.95 attorney hours incurred in 2020 at the hourly rate of $206.00;

24.70 attorney hours incurred in 2021 at an hourly rate of $206.00; 11.25 paralegal hours incurred at the hourly rate of $75.00; and expenses in the amount of $75.22.

Accordingly, Plaintiff's Amended Motion (ECF No. 28) is **GRANTED.** Because this Amended Motion replaces Plaintiff's original Motion, Plaintiff's original Motion (ECF No. 25) is **DENIED AS MOOT.**

**ENTERED this 4th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE